UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

HEI, Inc.,

Debtor.

BKY Case No. 15-40009

Chapter 11 Case

**APPLICATION BY DEBTOR TO EMPLOY CHAPTER 11 COUNSEL
(FREDRIKSON & BYRON, P.A.)**

TO:   United States Bankruptcy Judge, the United States Trustee, and other parties in interest identified in Local Rule 2014-1.

1.   HEI, Inc. ("the Debtor") has filed a petition for reorganization under Chapter 11 of the Bankruptcy Code, Title 11, United States Code, and requires representation in the course of this case.

2.   The Debtor wishes to employ the law firm of Fredrikson & Byron P.A. ("Fredrikson & Byron"), including lawyers in its bankruptcy group, to represent and assist the Debtor in carrying out its duties under Title 11 of the United States Code and to perform other legal services necessary to the Debtor's continuing operations.

3.   This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005, and Local Rule 1070-1. This is a core proceeding. The petition in this case was filed on January 4, 2015 ("the Filing Date"). The case is now pending in this Court.

4.   This Application arises under 11 U.S.C. §§ 327 and 328, and Bankruptcy Rule 2014. This Application is filed under Local Rules 2014-1 and 9013-4. The Debtor seeks an order authorizing the employment of Fredrikson & Byron.

5.   The Debtor believes that these attorneys are competent and experienced in Chapter 11 and related bankruptcy matters.

6. The Debtor proposes that employment be on a general retainer with fees to be paid on a reasonable fee basis, dependent primarily on the number of hours expended, but taking into consideration any risk that there may not be funds available to pay fees, any delay in making payments of fees, and such other factors as may be appropriate, subject to the approval of the Court.

7. In accordance with paragraph 9 of this Court's Instructions for Filing a Chapter 11 Case, the Debtor proposes that (a) Fredrikson & Bryon be authorized to schedule a hearing on its applications for allowance of fees and reimbursement of expenses not more than once every 90 days, (b) Fredrikson & Byron be allowed to submit regular monthly bills to the Debtor, with copies to the Committee of Unsecured Creditors and the Office of the United States Trustee, and (c) the Debtor be authorized to pay up to 80% of such fees and 100% of costs on a monthly basis, subject to later court approval.

8. The Debtor has reviewed the Unsworn Declaration of James L. Baillie and believes the attorneys selected by the Debtor do not represent any non-Debtor entity in connection with this case, do not hold or represent any interest adverse to the estates, and are disinterested under § 327 of the Bankruptcy Code.  The Debtor grants waivers described in the Unsworn Declaration of James L. Baillie.  In the event the United States Trustee, the Court, or other party asserts or is concerned that Fredrikson & Byron is not disinterested, the Debtor requests that a hearing be scheduled.

9. No previous application has been made for employment of Chapter 11 attorneys.

10. This application has been served on the parties set out in Local Rule 2014-1(a).

WHEREFORE, the above-named Debtor requests an order approving the employment of the law firm of Fredrikson & Byron as Chapter 11 counsel.

Dated: January 4, 2015

HEI, Inc.

By: Mark Thomas
Its: CEO

52157224

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

HEI, Inc.,

        Debtor.

BKY Case No. 15-40009

Chapter 11 Case

**UNSWORN DECLARATION OF JAMES L. BAILLIE
AND STATEMENT OF COMPENSATION**

       James L. Baillie makes the following declaration in support of the application of HEI, Inc. ("the Debtor") to employ Fredrikson & Byron P.A. ("Fredrikson & Byron") as Chapter 11 counsel and in compliance with 11 U.S.C. § 329(a), Bankruptcy Rule 2016(b), and Local Rule 1007-1.

       1.     I am a shareholder in the law firm of Fredrikson & Byron. I am authorized to practice before the courts of the State of Minnesota and the federal courts for the District of Minnesota, among others. I make this Unsworn Declaration in support of the Debtor's Application to Employ Fredrikson & Byron as Chapter 11 counsel in this case ("the Application").

       2.     No member of Fredrikson & Byron has ever been an officer or director of the Debtor, and no member of Fredrikson & Byron is an insider of the Debtor.

       3.     Fredrikson & Byron has completed a conflict check with the list of the Debtor, its officers and directors, and all of its creditors furnished by the Debtor as of 11/07/14. Fredrikson & Byron is aware that the Debtor has other regular vendors that may or may not have small claims for which they have not billed the Debtor and therefore do not show up on the list of

current creditors. Fredrikson & Byron will promptly supplement this Declaration in the future when and if other creditors become known.

    4.    Based on the results of the above-referenced conflicts check, and to the best of my knowledge, neither I nor Fredrikson & Byron have represented or had any connection with the Debtor, its creditors, or any other party in interest, its attorneys or accountants, the United States Trustee, or any other person employed in the office of the United States Trustee within the meaning of Bankruptcy Rule 2014, except as stated below:

    a.    Fredrikson & Byron currently represents the following entities who may be creditors herein, all in matters entirely unrelated to these Debtors and these cases. Each of these entities has waived or is expected to waive any potential conflict in the firm's representation of the Debtors herein. In the event a dispute arises involving one of these clients, Fredrikson & Byron will not represent either party.

- Medtronic USA Inc.
- Xcel Energy
- CenturyLink QC
- Renodis.Net, Inc.
- Talent Link
- Verizon Wireless
- Blue Cross Blue Shield
- AWR Inc.
- Entegris, Inc.

    b.    Robert Heller is the current chairman of the Board of the Debtor. Fredrikson & Byron and certain of its attorneys have in the past represented entities in which Robert Heller served as an officer. All such matters were unrelated to the Debtor and this Chapter 11 case. Fredrikson & Byron has not represented Robert Heller individually in any matter.

2

   c. With the exception of Philips Electronics North America, Inc. and one other customer, Fredrikson & Byron did not perform a conflict check with respect to the Debtor's customers. Philips Electronics North America, Inc. is a former client, and Fredrikson & Byron has no relationship with the other customer searched. With regard to all of the Debtor's customers, the Debtor has no reason to believe that the Debtor's customers' interests will be adverse to those of the estate.

   d. Fredrikson & Byron and certain of its attorneys have in the past represented some of the creditors of the Debtor in connection with matters unrelated to the Debtor and this Chapter 11 case. In each instance, except as described in this paragraph, Fredrikson & Byron's representation has concluded such that the former representation of that creditor does not represent a current conflict.

   e. Fredrikson & Byron is frequently involved in Chapter 11 cases, representing debtors and creditors. As such, the firm is often adverse to the Office of the United States Trustee, and is often adverse to or allied with other law firms and the interests of their clients and other accountants and the interests of their clients.

   f. Alliance Management is serving as the financial advisor to the Debtor. Fredrikson & Byron has frequently worked with and against Alliance Management in connection with chapter 11 cases and workouts. From time to time in the past, Fredrikson & Byron has provided legal services to Alliance Management on matters not related to this case.

3

None of the above relationships constitute actual conflicts, but may be "connections" within the meaning of Rule 2014 or potential conflicts and are therefore disclosed. The Debtor has been advised of potential conflicts noted above and has waived any such conflicts.

5. There may be other persons within the scope of Bankruptcy Rule 2014 that, unknown to me, Fredrikson & Byron has represented in particular matters in the past. We agree not to represent such persons who are creditors or other parties in interest in this case while representing the Debtor, without further disclosure, and we agree to disclose any connections within the meaning of Rule 2014 that we may discover subsequent to the execution of this declaration.

6. Except as the Court may determine from the circumstances disclosed above, Fredrikson & Byron does not hold or represent any interest adverse to the estate, and Fredrikson & Byron is a "disinterested person," within the meaning of 11 U.S.C. § 327(a).

7. Fredrikson & Byron has not represented the Debtor in the past. Fredrikson & Byron was first engaged in November 2014 to assist the Debtor in evaluating business options and on the preparation for filing this case. Since November 2014, and connection with this matter, the Debtor has paid to the firm fees and expenses of $104,743.50, including the following fees and expenses in the 90 days prior to the filing date: $61,645 on December 19, 2014, and $43,098.50 on December 31, 2014. Fredrikson & Byron has been paid in full through December 30, 2014. Any unpaid pre-petition time will be reflected in Fredrikson & Byron's first fee application. In addition, on January 2, 2015, the Debtor paid to Fredrikson & Byron a Chapter 11 retainer of $70,365.10 to be applied against fees and expenses incurred in preparation of the filing, with the remainder to be held for application against final allowed fees, filing fees, and any unpaid fees and expenses incurred immediately prior to the Filing Date. Fredrikson &

4

Byron will include and fully disclose any unpaid fees and filing fees in its first interim fee application.

8. The compensation agreed to be paid by the Debtor to Fredrikson & Byron for its representation in this bankruptcy case is the hourly rates customarily charged by Fredrikson & Byron, plus consideration for any risk that there may not be funds available to pay fees, any delay in payment of fees, and such other factors as may be appropriate, plus reimbursable expenses, all as may be allowed by the Court.

9. The filing fee paid by Fredrikson & Byron on account of the Debtor in this case is $1,717, paid from the Chapter 11 retainer or other reimbursement by the Debtor.

10. The services rendered or to be rendered by Fredrikson & Byron as Chapter 11 counsel include the following:

   a. Analyzing the Debtor's financial situation and rendering advice and assistance in determining how to proceed, which has included advice, negotiation, and preparation of documents for a Chapter 11 filing;

   b. Assisting with preparation of filing of the petition, exhibits, attachments, schedules, statements, and lists for stay motions and other documents required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or the Court in the course of this bankruptcy case;

   c. Representing the Debtor at the meeting of creditors;

   d. Negotiating with creditors and other parties in interest;

   e. Making and responding to motions, applications, and other requests for relief on behalf of the Debtor;

  f. Working with the Debtor and other parties to obtain approval of a sale process and representing the estate in any sale, followed by a liquidating plan and disclosure statement; and

  g. Performing other services requested by the Debtor or services reasonably necessary to represent the Debtor in this case.

11. The source of all payments to Fredrikson & Byron will be from earnings or other current income of the Debtor and the Chapter 11 retainer. In the bankruptcy case, Fredrikson & Byron has not received and will not receive a transfer of property other than such payments made to Fredrikson & Byron by the Debtor.

12. Fredrikson & Byron has not shared or agreed to share with any other person, other than with members of the firm, any compensation paid or to be paid.

13. Fredrikson & Byron requests that it be allowed to schedule fee applications at 90-day intervals and to receive monthly payment from the Debtor in accordance with the procedures set out in paragraph 9 of Court's Instructions for Filing a Chapter 11 Case, as requested by the Debtor in its Application. Fredrikson & Byron is currently among the three largest law firms in Minnesota, with annual revenues exceeding $100 million dollars. The firm is experienced in representing debtors in Chapter 11 cases, is aware of the conflict and disgorgement rules regarding representation of debtors in Chapter 11 cases, and has the financial ability to return fees if the Court so orders at any point in the case.

14. I declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Dated: January 4, 2015    */e/ James L. Baillie*
             James L. Baillie

52157224

6

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

HEI, Inc.,

Debtor.

BKY Case No. 15-40009

Chapter 11 Case

**CERTIFICATE OF SERVICE**

Sarah M. Olson, under penalty of perjury, states that on January 4, 2015, she caused to be served the following:

1. Application by Debtor to Employ Chapter 11 Counsel (Fredrikson & Byron, P.A.);

2. Unsworn Declaration of James L. Baillie and Statement of Compensation;

3. Application to Employ Special Counsel (Winthrop & Weinstine, P.A.);

4. Unsworn Declaration of Philip T. Colton in Support of Application to Employ Special Corporate Counsel (Winthrop & Weinstine P.A.);

5. Application by Debtor to Employ Business and Financial Consultant (Alliance Management);

6. Unsworn Declaration of Michael Knight in Support of the Application to Employ Business and Financial Consultant (Alliance Management);

7. Certificate of Service; and

8. Proposed Orders

by sending true and correct copies via ECF to the parties receiving ECF notice in this case, including the following:

U.S. Trustee's Office
1015 US Courthouse
300 S Fourth St
Minneapolis MN 55415
ustpregion12.mn.ecf@usdoj.gov

Dated: January 4, 2015

*/e/ Sarah M. Olson*
Sarah M. Olson

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

HEI, Inc.,

        Debtor.

BKY Case No. 15-40009

Chapter 11 Case

**ORDER APPROVING EMPLOYMENT OF CHAPTER 11 COUNSEL
(FREDRIKSON & BYRON, P.A.)**

This matter is before the undersigned on the application by HEI, Inc. ("the Debtor") to employ the law firm of Fredrikson & Byron P.A. ("Fredrikson & Byron") in the Chapter 11 case. It appears that it is necessary for the Debtor to employ Chapter 11 counsel. It appears that the attorneys selected by the Debtor do not hold or represent an interest adverse to the estate and that they are disinterested within the meaning of 11 U.S.C. § 327(a).

IT IS ORDERED:

1. The Debtor's employment of Fredrikson & Byron to represent the Debtor in carrying out its duties under Title 11 of the United States Bankruptcy Code is approved.

2. Fee applications by Fredrikson & Byron may be heard on 90-day intervals from the commencement of the case.

3. The Debtor is authorized to pay monthly invoices of Fredrikson & Byron under the procedures in Instruction No. 9(c) of the Instructions for Filing a Chapter 11 Case.

Dated:

_____
United States Bankruptcy Judge