UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

HEI, Inc.,

Debtor.

BKY Case No. 15-40009

Chapter 11 Case

## APPLICATION TO EMPLOY SPECIAL COUNSEL
### (WINTHROP & WEINSTINE, P.A.)

TO: United States Bankruptcy Judge, the United States Trustee, and other parties in interest identified in Local Rule 2014-1.

1. The above-named debtor and debtor (the "Debtor") filed a petition for reorganization under Chapter 11 of the Bankruptcy Code, Title 11, United States Code, and require the services of special corporate counsel in the course of their cases.

2. Debtor wishes to employ its existing corporate counsel Winthrop & Weinstine, P.A. ("Winthrop") as special corporate counsel to the Debtor in this case.

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005, and Local Rule 1070-1. This is a core proceeding. The petition in this case was filed on January 4, 2015 (the "Filing Date"). The case is now pending in this Court.

4. This Application arises under 11 U.S.C. §§ 327(e), 328(a) and 329(a), and Bankruptcy Rule 2014. This Application is filed under Local Rules 2014-1 and 9013-4.

## APPLICATION

5. The Debtor respectfully requests the Court to enter an order pursuant to sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) authorizing the Debtor

to employ and retain Winthrop as its special corporate counsel to represent the Debtor as more fully described below.

### SERVICES TO BE PROVIDED

6. The Debtor proposes to continue to use Winthrop for its counsel on general corporate matters, on merger and acquisition matters that may arise from time to time, and on securities work that may arise from time to time.

7. The Debtor does not employ any in-house attorneys and has consulted with Winthrop on legal matters since June 2005. Debtor proposes to continue this relationship and seeks authorization to continue to consult with Winthrop attorneys from time to time as necessary.

8. Based upon its expertise and status as the Debtors' corporate counsel for the past nine years, Winthrop's employment is necessary and in the best interests of the Debtor and the Debtor's estate.

9. It is necessary that the Debtor employ Winthrop to render the foregoing professional services. The Debtor believes that the services will not duplicate the services that other professionals will be providing to the Debtor in these cases. Specifically, Winthrop will carry out unique functions and will use reasonable efforts to coordinate with the Debtor and other professionals to avoid the unnecessary duplication of services.

### COMPENSATION

10. As described in the Philip Colton Declaration, attorneys' fees will be charged at the firm's normal hourly rates.

11. Prior to the Filing Date, the Debtor paid Winthrop a retainer of $70,365.10, and has agreed that Winthrop will hold the retainer in trust for application against its allowed

postpetition fees and expenses. In the 90 days prior to the Filing Date, the Debtor has paid Winthrop a total of $47,281.24 in connection with prepetition services.

## NO ADVERSE INTEREST

12. To the best of the Debtor's knowledge, and except as disclosed in the Colton Declaration, Winthrop and the attorneys employed by it do not hold or represent any interest adverse to the Debtor or the Debtor's estate with respect to the matter for which it will provide services and do not have any connection with the Debtor, its creditors or any other party in interest.

## LEGAL BASIS FOR RETENTION

13. Pursuant to section 327(e) of the Bankruptcy Code, a debtor in possession is authorized to employ, for a specified special purpose, other than to represent the debtor in possession in conducting the case, an attorney that has represented the debtor prior to filing the case. 11 U.S.C. § 327(e). Sections 101(14) and 327(e) of the Bankruptcy Code are modified by section 1107(b) of the Bankruptcy Code to provide that "a person is not disqualified for employment under § 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's employment by or representation of the Debtor before the commencement of the case." 11 U.S.C. § 1107(b). An attorney employed for a special purpose need not be "disinterested"; rather, the attorney must not hold or represent any interest adverse to the estate with respect to the matter for which it will provide services.

14. Pursuant to section 328(a) of the Bankruptcy Code, the Debtor is authorized to employ professional persons "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis . . ." 11 U.S.C. § 328(a).

15. In accordance with Bankruptcy Rule 2014(a), this Application and the Declaration set forth: (i) the facts establishing the necessity for Winthrop's employment; (ii) the reasons for the Debtor's selection of Winthrop as its special corporate counsel; (iii) the professional services to be provided; (iv) the arrangements with respect to compensation and why such compensation is reasonable, and (v) to the best of Debtor's knowledge, the nature and extent of Winthrop's relationship to certain parties in interest in these matters.

16. In accordance with paragraph 9 of this Court's Instructions for Filing a Chapter 11 Case, the Debtor proposes that (a) Winthrop be authorized to schedule a hearing on its applications for allowance of fees and reimbursement of expenses not more than once every ninety (90) days, (b) Winthrop be allowed to submit regular monthly bills to the Debtor, with copies to the Committee of Unsecured Creditors, if any, and the Office of the United States Trustee, and (c) the Debtor be authorized to pay up to 80% of such fees and 100% of costs on a monthly basis, subject to later court approval.

17. In the event the United States Trustee, the Court, or other party objects to the employment of Winthrop, the Debtor requests that a hearing be scheduled.

18. No previous application has been made for employment of special corporate counsel.

19. This application has been served on the parties set out in Local Rule 2014-1(a).

WHEREFORE, the above-named Debtor requests an order approving the employment of the law firm of Winthrop & Weinstine, P.A. as special corporate counsel.

Dated: January 4, 2015

HEI, Inc.

By: *signature*
Mark Thomas
Its: CEO

52188012

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

HEI, Inc.,

Debtor.

BKY Case No. 15-40009

Chapter 11 Case

**UNSWORN DECLARATION OF PHILIP T. COLTON IN SUPPORT OF
APPLICATION TO EMPLOY SPECIAL CORPORATE COUNSEL
(WINTHROP & WEINSTINE P.A.)**

Philip T. Colton makes the following declaration in support of the Application of above-named debtor (the "Debtor") to employ Winthrop & Weinstine, P.A. as its special corporate counsel, and in compliance with Bankruptcy Rule 2014(a) and Local Rule 2014-1(a).

1. I am a partner in the law firm of Winthrop & Weinstine, P.A. ("Winthrop"). I am an attorney authorized to practice before the courts of the State of Minnesota and the United States District Court for the District of Minnesota, among others. I make this declaration of my own personal knowledge.

**WINTHROP'S HISTORY WITH THE DEBTOR**

2. Winthrop began working with the Debtor in June 2005. Since that time, Winthrop has provided legal services in a variety of areas, including general corporate, securities, and employment matters.

3. Essentially, Winthrop acted as outside general and SEC counsel for the Debtor.

**SERVICES TO BE PROVIDED**

4. Going forward, Winthrop proposes to provide legal services to the Debtor in the areas of general corporate law, mergers and acquisitions, and other non-bankruptcy matters that may arise from time to time.

**COMPENSATION**

5. The compensation agreed to be paid by the Debtor to Winthrop for its representation is the hourly rates customarily charged by Winthrop, plus expenses, all as may be allowed by the Court.

6. Prior to the Filing Date, the Debtor paid Winthrop a retainer of $70,365.10, and has agreed that Winthrop will hold the retainer in trust for application against its allowed postpetition fees and expenses. In the 90 days prior to the Filing Date, the Debtor has paid Winthrop a total of $47,281.24 in connection with prepetition services.

**NO ADVERSE INTEREST**

7. As noted above, Winthrop has represented the Debtor since approximately 2005. Winthrop maintains a client database and has established internal practices and procedures to ensure that its representation of the Debtor complies with the relevant rules of professional conduct.

8. We have searched our conflicts database against the Debtor's secured lender, its top 20 unsecured creditors as of December 18, 2014, and the proposed purchaser of certain of the Debtor's assets. Based on that search, Winthrop's representation of the Debtor does not involve any concurrent conflict of interest except as set forth below:

 a. Winthrop represents Wells Fargo on matters unrelated to the Debtor.

 b. Winthrop represents Cresa Partners on matters unrelated to the Debtor.

9. For the two entities identified above, (i) Winthrop reasonably believes that it will be able to provide competent and diligent representation to each client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding

2

before a tribunal; and (4) Winthrop will ask each client (the Debtor, Wells Fargo and Cresa Partners) for a waiver. Until and unless the waivers are received, Winthrop will not be involved in any matters for either Wells Fargo or Cresa Partners. Therefore, to the best of my knowledge, Winthrop does not represent or hold any interest adverse to the Debtor or to its estate with respect to the matters on which Winthrop is to be employed.

10. Winthrop has not shared or agreed to share with any other person, other than with members of the firm, any compensation paid or to be paid.

11. Winthrop requests that (a) Winthrop be authorized to schedule a hearing on its applications for allowance of fees and reimbursement of expenses not more than once every ninety (90) days, (b) Winthrop be allowed to submit regular monthly bills to the Debtor, with copies to the Committee of Unsecured Creditors, if any, and the Office of the United States Trustee, and (c) the Debtor be authorized to pay up to 80% of such fees and 100% of costs on a monthly basis, subject to later court approval. Winthrop has the ability to disgorge fees or costs in the event the court so orders.

12. I declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Dated: January 4, 2015

_____
Philip T. Colton

52188028_1.docx

4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

HEI, Inc.,

Debtor.

BKY Case No.  15-40009

Chapter 11 Case

**CERTIFICATE OF SERVICE**

Sarah M. Olson, under penalty of perjury, states that on January 4, 2015, she caused to be served the following:

1. Application by Debtor to Employ Chapter 11 Counsel (Fredrikson & Byron, P.A.);

2. Unsworn Declaration of James L. Baillie and Statement of Compensation;

3. Application to Employ Special Counsel (Winthrop & Weinstine, P.A.);

4. Unsworn Declaration of Philip T. Colton in Support of Application to Employ Special Corporate Counsel (Winthrop & Weinstine P.A.);

5. Application by Debtor to Employ Business and Financial Consultant (Alliance Management);

6. Unsworn Declaration of Michael Knight in Support of the Application to Employ Business and Financial Consultant (Alliance Management);

7. Certificate of Service; and

8. Proposed Orders

by sending true and correct copies via ECF to the parties receiving ECF notice in this case, including the following:

U.S. Trustee's Office
1015 US Courthouse
300 S Fourth St
Minneapolis MN 55415
ustpregion12.mn.ecf@usdoj.gov

Dated:  January 4, 2015                    */e/ Sarah M. Olson*
                                            Sarah M. Olson

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

HEI, Inc.,

Debtor.

BKY Case No. 15-40009

Chapter 11 Case

**ORDER APPROVING APPLICATION TO EMPLOY
SPECIAL CORPORATE COUNSEL
(WINTHROP & WEINSTINE, P.A.)**

Upon the application by the debtor to employ the law firm of Winthrop & Weinstein, P.A. in this chapter 11 case as special corporate counsel, it appears that it is necessary for the debtor to employ special counsel, and it appears that the attorneys selected by the debtor do not hold or represent an interest adverse to the estates with respect to the matters for which they will be employed.

IT IS HEREBY ORDERED:

1. The employment by the debtor of Winthrop & Weinstine, P.A. to represent the debtor as special counsel with regard to general corporate law, mergers and acquisitions, and other non-bankruptcy matters that may arise from time to time is approved.

2. Fee applications by Winthrop & Weinstine, P.A. may be heard on 90-day intervals from the commencement of the debtor's chapter 11 case.

3. The debtor is authorized to pay monthly invoices of Winthrop & Weinstine, P.A. under the procedures in Instruction No. 9(c) of the Instructions for Filing a Chapter 11 Case.

Dated:

United States Bankruptcy Judge

52188198