UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

HEI, Inc.,                                               Case No.: 15-40009
                                                                          Chapter 11 Case

           Debtor.

**NOTICE OF HEARING AND MOTION FOR ORDER (I) GRANTING EXPEDITED RELIEF AND (II) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS AND CHECK STOCK AND CONTINUED USE OF CASH MANAGEMENT SYSTEM**

TO: The parties-in-interest as specified in Local Rule 9013-3(a)(2).

1. HEI, Inc. ("the Debtor") moves the Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on this Motion at **2:30 p.m.** on **Wednesday, January 7, 2015**, in **Courtroom 8W, 300 South Fourth Street, Minneapolis, MN 55415**.

3. Local Rule 9006-1(c) provides deadlines for responses to this Motion. However, given the expedited nature of the relief sought, the Debtor does not object to written responses being served and filed immediately prior to the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1. This is a core proceeding. The petition commencing this chapter 11 case was filed on January 4, 2015 ("the Filing Date"). The case is currently pending before this Court.

5. This Motion arises under 11 U.S.C. §§ 105(a), 365(b), 1107, and 1108. This Motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 9013-1 through -3. Expedited relief is requested pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(d). Notice of the hearing on this Motion is provided pursuant to Bankruptcy Rule 2002(a) and Local Rules 9013-3 and 2002-1(b). The Debtor requests an Order granting expedited relief and authorizing maintenance of existing bank accounts and check stock and continued use of its cash management system.

## BACKGROUND

6. On the Filing Date, the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code ("the Bankruptcy Code"). The Debtor continues to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. Further general background information about the Debtor and this case and facts related to other first day motions is set forth in the Declaration of Mark B. Thomas in Support of First Day Motions. The facts set forth below are verified by Mark B. Thomas, as evidenced by the attached verification.

8. Before the Filing Date, the Debtor maintained two active bank accounts: a checking account ("the Checking Account") and a lender-created lockbox account ("the Lockbox Account"). These accounts (collectively, "the Bank Accounts") are listed on Exhibit A attached to this Motion. Both of the Bank Accounts are maintained by Wells Fargo and the Bank Accounts are regularly monitored by the Debtor's major pre-petition lender, Wells Fargo Bank, National Association ("the Pre-Petition Lender").

9. The Debtor's customers make payments to the Lockbox Account and the Debtor pays its expenses, including payroll, from the Checking Account. The Debtor intends to migrate deposits from the Lockbox Account to the Checking Account.

## **RELIEF REQUESTED**

10. The United States Trustee has established operating guidelines for debtors in possession who operate their businesses in chapter 11. One such provision requires a debtor in possession to open new bank accounts and to close all existing bank accounts. This requirement, designed to provide a clear demarcation between pre- and post-petition claims and payments, helps to protect against the inadvertent payment of pre-petition claims by preventing banks from honoring checks drawn before the Filing Date.

11. The Debtor requests that the Court waive the requirement that the Bank Accounts be closed and new post-petition bank accounts be opened. Normally, in a situation such as this, where a debtor has only one or two pre-petition bank accounts, it would not be difficult for a debtor to comply with this requirement. However, the Debtor believes that opening new post-petition bank accounts will cause substantial disruption to the Debtor's business and would impair the Debtor's cash flow.

12. Specifically, if the Debtor is required to change bank accounts, it is likely that it would suffer a disruption in payments from customers. If that occurred, the Debtor's cash flow would be negatively impacted, potentially preventing the Debtor from having the ability to pay for expenses required to continue to operate. In addition, a change in bank accounts may also cause a disruption in timely payments of employees and entities providing services to the Debtor's business. The Debtor uses the Checking Account to fund payroll and to pay these entities, and changing accounts may cause delay in such critical disbursements. It is imperative

to the Debtor's successful operation that it experiences neither a disruption in the receipt of income nor a disruption in the timely payment of its service providers and employees.

13. Maintenance of the Bank Accounts would greatly facilitate the Debtor's transition to post-petition operations. To avoid delays in the receipt of customer payments incurred post-petition and to ensure a smooth transition into chapter 11, the Debtor should be permitted to continue to maintain the existing Bank Accounts. In addition, the Debtor believes that its continued use of the Bank Accounts (maintained at the Pre-Petition Lender's institution) will be critical to obtaining the Pre-Petition Lender's cooperation in this case, which would reduce administration costs. While the Debtor intends to migrate deposits from the Lockbox Account to the Checking Account, the Debtor still requests authorization to maintain the Lockbox Account as this change is made.

14. The Debtor has taken steps to stop payment on all pre-petition debt paid by checks that have not cleared the Debtor's Checking Account. Additionally, the Debtor is reviewing its books and records to identify any payments made without authorization. To the extent necessary, the Debtor will commence actions against those parties receiving payments inadvertently under 11 U.S.C. § 549 or may seek additional relief from this Court.

15. The United States Trustee's concerns of creating a clear line of demarcation between pre- and post-petition obligations can be addressed in this case without the necessity of closing the Bank Accounts. The Debtor prints its own checks and will create a conspicuous gap in the numbering sequence so that it and Wells Fargo can easily discern pre-petition checks from those issued post-petition. These precautions will increase the ease of differentiating between pre- and post-petition payments and ensuring that no pre-petition payments are honored except as specifically authorized by this Court.

4

16. Subject to a prohibition against honoring pre-petition checks without specific authorization of this Court, the Debtor requests that the Bank Accounts be deemed debtor-in-possession accounts and that the Debtor be authorized to maintain and continue the use of these accounts in the same manner and with the same account numbers, styles, and forms as those employed pre-petition.

17. If the relief requested herein is granted, the Debtor will not pay, and Wells Fargo will be directed not to pay, any checks drawn on the Bank Accounts pre-petition other than as specifically authorized by this Court.

18. Because the filing of the bankruptcy case and provision of full notice of this Motion would require the Debtor to either operate in contravention of the United States Trustee's operating guidelines or to open new bank accounts and thus cause the disruption this Motion seeks to avoid and render this Motion moot, the Debtor requests an expedited hearing.

19. Pursuant to Local Rule 9013-2(c), the Debtor gives notice that it may, if necessary, call Mark B. Thomas, Chief Executive Officer of the Debtor, whose business address is 1495 Steiger Lake Lane, Victoria, MN 55386, to testify regarding the facts set out in this Motion.

WHEREFORE, the Debtor requests entry of an Order granting expedited relief and authorizing the maintenance of its existing Bank Accounts and continued use of its cash management system and for such other and further relief as the Court deems proper.

Dated: January 5, 2015                     */e/ Sarah M. Olson*
                                                           James L. Baillie (#0003980)
                                                           James C. Brand (#387362)
                                                           Sarah M. Olson (#0390238)
                                                           **FREDRIKSON & BYRON, P.A.**
                                                           200 South Sixth Street, Suite 4000
                                                           Minneapolis, MN  55402-1425
                                                           Telephone:  612.492.7000
                                                           jbaillie@fredlaw.com
                                                           jbrand@fredlaw.com
                                                           solson@fredlaw.com

                                                           PROPOSED ATTORNEYS FOR DEBTOR

## VERIFICATION

I, Mark B. Thomas, am the CEO of the Debtor. Based upon my personal information and belief, I declare under penalty of perjury that the facts set forth in the preceding Motion for Order (I) Granting Expedited Relief and (II) Authorizing the Maintenance of Existing Bank Accounts and Check Stock and Continued Use of Cash Management System are true and correct, according to the best of my knowledge, information, and belief.

Dated: January 5th, 2015        Signed: _____
                                        Mark B. Thomas

52220017

## **EXHIBIT A**

| **Account** | **Bank** | **Account Number** |
|---|---|---|
| Checking Account | Wells Fargo Bank<br>MAC N9314-080<br>730 Second Avenue South<br>Minneapolis, MN 55402 | XXXXXX4541 |
| Lockbox Account | Wells Fargo Bank<br>HEI, Inc.<br>NW 5856<br>PO Box 1450<br>Minneapolis, MN 55485 | XXXXXX4558 |

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

In re:

HEI, Inc.,                                                     Case No.: 15-40009
                                                                  Chapter 11 Case

          Debtor.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER (I) GRANTING EXPEDITED RELIEF AND (II) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS AND CHECK STOCK AND CONTINUED USE OF CASH MANAGEMENT SYSTEM

HEI, Inc. ("the Debtor") submits this memorandum in support of its Motion for Order (I) Granting Expedited Relief and (II) Authorizing Maintenance of Existing Bank Accounts and Check Stock and Continued Use of Cash Management System ("the Motion"). The Debtor requests that the Court grant this relief because it will avoid delays in the Debtor's receipt of customer payments and the Debtor's payment of post-petition obligations to employees, suppliers, and service providers. Avoidance of this delay will ensure as smooth a transition as possible into chapter 11.

### BACKGROUND

The facts in support of the Motion and referenced in this memorandum are set forth in the verified Motion. All capitalized terms not otherwise defined have the meaning ascribed to them in the Motion.

## LEGAL ANALYSIS

### I. CAUSE EXISTS FOR EXPEDITED RELIEF

The Debtor requests expedited relief on the Motion.  Local Rule 9006-1(b) provides that "moving documents shall be filed and served . . . not later than fourteen days before the hearing date."  Local Rule 9006-1(e), however, provides that a court may reduce notice for cause.  Cause exists here to grant the Motion on an expedited basis.  If the Court does not grant expedited relief, the Debtor would be forced into an untenable situation: either maintain the same Bank Accounts and disregard the United States Trustee's operating guidelines or open new bank accounts, causing a disruption to the Debtor's business and rendering this Motion moot.  Thus, cause exists for expedited relief.

### II. THE DEBTOR SHOULD BE AUTHORIZED TO MAINTAIN ITS EXISTING BANK ACCOUNTS AND CHECK STOCK AND CONTINUE USE OF ITS CASH MANAGEMENT SYSTEM

The courts have the authority to waive the strict enforcement of bank account closing requirements imposed pursuant to the guidelines adopted by the office of the United States Trustee and such relief is routinely granted.  *See, e.g., In re Bowles Sub Parcel D, LLC*, No. 11-44434 (Bankr. D. Minn. July 20, 2011) ECF No. 25; *In re Intrepid U.S.A., Inc.*, No. 04-40416 (Bankr. D. Minn. Feb. 19, 2004), ECF Nos. 65, 122.

As detailed in the Motion, continued use of the Bank Accounts, existing check stock, and cash management system is important to ensure a smooth transition into Chapter 11, to obtain cooperation from the Pre-Petition Lender, and to aid in the Debtor's efforts to maintain the value of its operations and assets.  Requiring the Debtor to open new bank accounts at this early and critical stage of the case would be disruptive to the Debtor's operations.  Consequently, maintenance of the existing Bank Accounts and check stock and the continued use of the cash

management system are not only essential, but are in the best interest of all creditors and other parties in interest in these cases.

If granted the relief requested, the Debtor will not pay, and Wells Fargo will be directed not to pay, any pre-petition checks except as allowed by order of this Court. The Debtor prints its own checks and will create a conspicuous gap in the numbering sequence and post-petition checks will include a "Debtor in Possession" designation. By this manner, the United States Trustee's concern regarding a clear demarcation between pre- and post-petition payments can be enforced.

## CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that this Court grant the relief requested in the Motion.

Dated: January 5, 2015         */e/ Sarah M. Olson*
James L. Baillie (#0003980)
James C. Brand (#387362)
Sarah M. Olson (#0390238)
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Telephone:  612.492.7000
jbaillie@fredlaw.com
jbrand@fredlaw.com
solson@fredlaw.com

PROPOSED ATTORNEYS FOR DEBTOR

3

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA**

In re:

HEI, Inc.,                                           Case No.: 15-40009
                                                                   Chapter 11 Case

        Debtor.

**ORDER (I) GRANTING EXPEDITED RELIEF AND (II) AUTHORIZING
MAINTENANCE OF EXISTING BANK ACCOUNTS AND CHECK STOCK AND
CONTINUED USE OF CASH MANAGEMENT SYSTEM**

This matter came before the undersigned on the above Debtor's Motion for an Order (I) Granting Expedited Relief and (II) Authorizing Maintenance of Existing Bank Accounts and Check Stock and Continued Use of Cash Management System ("the Motion"). Appearances are noted on the record. Capitalized terms used, but not otherwise defined herein, shall have the meanings accorded to them in the Motion. Based on the arguments of counsel, all of the files, records, and proceedings herein, the Court having been advised in the premises, and the Court's findings of fact and conclusions of law, if any, having been stated orally and recorded in open court following the close of evidence,

**IT IS ORDERED:**

    1.     The Debtor's Motion is granted, including the request for expedited relief.

    2.     The Debtor is authorized to designate, maintain, and continue to use, with the same account numbers, the Bank Accounts, as identified in Exhibit A to the Motion. The Debtor shall ensure that its check stock states "Debtor in Possession" in accordance with the requirements of the office of the United States Trustee. The Debtor is authorized to treat the Bank Accounts for all purposes as accounts of the Debtor as debtor in possession.

2

      3.      Wells Fargo is hereby authorized and directed to continue to service and administer the Bank Accounts as accounts of the Debtor as debtor in possession without interruption and in the usual and ordinary course.  Wells Fargo is authorized and directed to receive, process, honor, and pay any and all checks and drafts drawn on the Bank Accounts after the Filing Date by the holders or makers thereof; provided, however, that any check drawn or used by the Debtor before the petition date may be honored by any bank only as specifically authorized by order of this Court.  It is further ordered that the Debtor shall provide a list of any such checks or a category of such checks to be honored to the banks, which are authorized to rely thereon and shall have no liability to any party for relying on such information.

Dated:                                                                                  _____

                                                                                  Kathleen H. Sanberg
                                                                                  United States Bankruptcy Judge

52220017