UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

HEI, Inc.,                                                              Case No. 15-40009

Debtor.                                                                 Chapter 11 Case

**ORDER (I) AUTHORIZING DEBTOR, TO SELL ASSETS FREE AND CLEAR OF
LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; AND
(II) GRANTING OTHER AND FURTHER RELIEF
(VICTORIA ASSETS)**

This case came before the court on the Debtor's Motion for Orders (I) Granting Expedited Relief; (II) Authorizing Debtor to Sell Assets Free and Clear of Liens, Claims, Interests and Encumbrances; (III) Authorizing Assumption and Assignment of Unexpired Leases and Executory Contracts; (IV) Approving Bidding Procedures; (V) Approving Break-Up Fee; (VI) Setting Further Hearing; and (VII) Approving Form and Manner of Notice ("Sale Motion").

For reasons stated orally and recorded in open court,

**IT IS FOUND THAT**:[1]

A.      This court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Local Rule 1070-1.

B.      Venue of this case (the "Chapter 11 Case") in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

C.      Determination of the Sale Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (N).  The statutory predicates for the relief requested herein are sections 105,

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Bankruptcy Rule 7052.

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 02/06/2015
Lori Vosejpka, Clerk, by LH

363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9007, 9008 and 9014.

D.  This order (the "Victoria Sale Order") constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the court expressly finds that there is no just reason for delay in the implementation of this Victoria Sale Order, and expressly directs entry of judgment as set forth herein.

E.  On January 21, 2015, the court entered an order (the "Sale Procedures Order").

F.  Pursuant to the Sale Procedures Order, HT Electronics, LLC (the "Stalking Horse") was designated as the stalking horse bidder, and a transaction contemplated by an Asset Purchase Agreement among HEI, Inc. and HT Electronics, LLC dated January 4, 2015 was designated as the stalking horse bid. The stalking horse bid contemplated the purchase of certain assets primarily located at or related to the Debtor's Victoria, Minnesota facility (the "Victoria Assets"), as well as certain assets primarily located at or related to the Debtor's Tempe, Arizona facility (the "Tempe Assets").

G.  The Sale Procedures Order approved the payment of a break-up fee (the "Break-Up Fee") to the Stalking Horse under certain circumstances.

H.  Pursuant to the Sale Procedures Order, an auction (the "Auction") was set for February 5, 2015, and a hearing was set for February 6, 2015 (the "Sale Approval Hearing") to consider final approval of the sale to the bidder who prevailed at the Auction.

I.  On January 5, 2015, the Debtor filed the Sale Motion and served copies of the Sale Motion in compliance with local rule 9013-3(a)(2). The Debtor subsequently served copies

2

of a Notice of Sale and Bidding Procedures (the "Sale Notice") in compliance with the Sale Procedures Order as demonstrated by certificates of service filed as docket numbers 93, 119, 135, 136, and 137.

J.  Based upon the foregoing and the certificates of service filed with the court, due, proper, timely, adequate and sufficient notice of the Sale Motion, the Auction, the Sale Approval Hearing, and the sale of the relevant assets has been provided in accordance with sections 102(1) and 363(b) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007, 9008 and 9014 and Local Rules 2002-1, 2002-4, 6004-1, 9013-2 and 9013-3, and in compliance with the Sale Procedures Order, and no other or further notice of the sale approved in this Victoria Sale Order is required or necessary.

K.  As further described in the Debtor's auction report filed on February 6, 2014 (the "Auction Report"), at the Auction, the Victoria Assets were auctioned separately from the Tempe Assets.  When the bidding on the Victoria Assets concluded, the Debtor, in consultation with its advisors (including its financial advisor, BGA Management, LLC d/b/a Alliance Management ("Alliance")), determined that the highest and best bid for the Victoria Assets was submitted by Industrial Asset Corp. doing business as Biditup Auctions Worldwide, Inc. and Maynards Industries (1991) Inc. (together, "Maynards" or the "Purchaser") pursuant to an Asset Purchase Agreement between the Debtor and the Purchaser dated February 5, 2015 (the "Victoria APA"), attached as Exhibit A to the Auction Report.

L.  The Debtor, in consultation with its advisors, including Alliance, concluded that the second highest and best bid for the Victoria Assets (the "Back-Up Victoria Bid") was submitted by the Stalking Horse.

M. In accordance with the Sale Procedures Order and the bidding procedures contained therein, the Purchaser was deemed a qualified bidder for the Victoria Assets (as further described in the Victoria APA, the "Purchased Assets"), its bid was deemed a qualified bid, and it participated in the Auction.

N. The Debtor's determination that the Purchaser's bid based upon the Victoria APA constitutes the highest and best offer for the Purchased Assets in accordance with the bidding procedures constitutes a valid and sound exercise of the Debtor's business judgment. The Purchaser's bid represents a fair and reasonable offer to purchase the purchased assets under the circumstances of this Chapter 11 Case.

O. The Debtor has demonstrated compelling circumstances, good, sufficient and sound business purposes for the sale of the Purchased Assets pursuant to section 363(b) of the Bankruptcy Code and that the sale of the Purchased Assets pursuant to the Victoria APA constitutes a reasonable and sound exercise of the Debtor's business judgment.

P. Upon entry of this Victoria Sale Order, the Debtor (i) has full corporate or other power to execute, deliver and perform its obligations under the Victoria APA and all other documents contemplated thereby or entered into in connection therewith, and the sale of the Purchased Assets by the Debtor has been duly and validly authorized by all necessary corporate or similar action, and (ii) has taken all action necessary to authorize and approve the Victoria APA and such other documents contemplated thereby and the consummation by them of the transactions contemplated thereby or entered into connection therewith.

Q. The Debtor is authorized to sell and transfer the Purchased Assets free and clear of all Liens, Claims, Encumbrances and Interests (as that term is defined in paragraph 8 hereof)

pursuant to the Victoria APA because it has satisfied the requirements of section 363(f) of the Bankruptcy Code.

R.     Those holders of Liens, Claims, Encumbrances and Interests against the Debtor, its estate or in respect of any of the Purchased Assets who did not object, or who withdrew their objections, to the sale or the Sale Motion are deemed to have consented to the sale pursuant to section 363(f)(2) of the Bankruptcy Code.

S.     The transfer of the Purchased Assets to the Purchaser, will not subject the Purchaser to any Lien, Claim, Encumbrance and Interest whatsoever with respect to the operation of the Debtor's business prior to the closing date to the maximum extent provided by section 363(f) of the Bankruptcy Code.

T.     The Victoria APA was negotiated, proposed and entered into by the parties in good faith, from arms' length bargaining positions and without collusion within the meaning of section 363(m) of the Bankruptcy Code.  As a result of the foregoing, Debtor and Purchaser are entitled to the protections of section 363(m) of the Bankruptcy Code with respect to all aspects of the Victoria APA.  The Debtor has followed in good faith the procedures for notice and sale of the Purchased Assets as set forth in the Sale Procedures Order.  Purchaser is not an "insider" of Debtor, as that term is defined in section 101(31) of the Bankruptcy Code.  Moreover, none of Purchaser, Debtor, or any other party (including Alliance) has engaged in any conduct that would cause or permit the Victoria APA to be avoided under section 363(n) of the Bankruptcy Code.

U.     The closing and the consummation of the transactions contemplated by the Victoria APA shall not, by reason of such closing and transactions, subject Purchaser to any

5

liability whatsoever for claims against Debtor with respect to the operation of the business of Debtor before the closing date.

V.   In the absence of a stay pending appeal, Purchaser will be acting in good faith pursuant to Bankruptcy Code § 363(m) in closing the transactions contemplated by the Victoria APA at any time on or after the entry of this Victoria Sale Order.  The court being satisfied that (i) no objections have been raised of a nature that should prevent the immediate entry of this Victoria Sale Order, (ii) the Victoria APA contains deadlines with which the parties must comply, and (iii) the transfer of the Purchased Assets without delay beyond a time selected by the parties will help preserve the value of the Purchased Assets for Purchaser and Debtor's estate, the court finds cause to lift the stay provided in Bankruptcy Rule 6004(h).

**IT IS ORDERED:**

**General Provisions**

1.   The Sale Motion is granted to the extent provided in this order, and all references to "Purchaser" in this order shall apply to Maynards.

2.   All objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled, including all reservations of rights included therein, which are not otherwise provided for by this Victoria Sale Order, are overruled.

3.   Notice of the Sale Approval Hearing was fair and equitable under the circumstances and complied in all respects with the Sale Procedures Order and with sections 102(1), 105, and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007, 9008 and 9014 and Local Rules 2002-1, 2002-4, 6004-1, 9013-2 and 9013-3.

### Approval of the Victoria APA

4.      Each and every term of the Victoria APA and all other ancillary documents is approved.

5.      The sale of the Purchased Assets to Purchaser pursuant to the Victoria APA is authorized under section 363 of the Bankruptcy Code and the entry of the Debtor into the Victoria APA is approved.

6.      To the extent the Debtor is required to pay the Break-Up Fee to the Stalking Horse in connection with this sale, the Debtor is authorized to pay the Break-Up Fee, and the Break-Up Fee shall be paid from the sale proceeds and in accordance with the provisions of the Sale Procedures Order.

7.      Pursuant to section 363(b) of the Bankruptcy Code, the Debtor is authorized to execute and to fully perform under the Victoria APA, together with all additional instruments and documents that may be reasonably necessary, and to take all further actions as may be reasonably requested by the Purchaser for the purpose of transferring any or all of the Purchased Assets and perform the obligations of the Debtor under the Victoria APA, including effectuating amendments to the Victoria APA.

8.      The Purchaser shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the Victoria APA or any other sale-related document.

### Transfer of the Purchased Assets

9.      Except to the extent set forth in the Victoria APA, pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Purchased Assets shall be transferred to the Purchaser in accordance with the Victoria APA and such transfer shall constitute a legal, valid, binding, and

effective transfer of such Purchased Assets and shall vest Purchaser with title to the Purchased Assets, free and clear of all Liens (as defined in the section 101(37) of the Bankruptcy Code), Claims (as defined in section 101(5) of the Bankruptcy Code), encumbrances, and other interests to the maximum extent of section 363(f) of the Bankruptcy Code (the foregoing collectively referred to as "Liens, Claims, Encumbrances and Interests" herein).  All Liens, Claims, Encumbrances and Interests that are released, terminated and discharged as to the Purchased Assets shall attach to the sale proceeds in the same order, priority, dignity and effect which they now have as against the Debtor, its estate or the Purchased Assets.  The sole and exclusive right and remedy available to purported creditors, equity holders, including, without limitation, equity holders of the Debtor, holders of any other Liens, Claims, Encumbrances and Interests, and parties in interest shall be a right to assert Liens, Claims, Encumbrances and Interests against the Debtor's estate.

      10.     All persons and entities are permanently barred from commencing or continuing any action or other proceeding of any kind against the Purchased Assets or the Purchaser and its successors or assigns with respect to any Liens, Claims, Encumbrances and Interests arising prior to the closing date.  The sole and exclusive right and remedy available to any party who asserts any Liens, Claims, Encumbrances and Interests in any way related to the Purchased Assets arising prior to the date of closing shall be a right to assert such Liens, Claims, Encumbrances and Interests against the Debtor's estate.  If the proposed sale fails to close for any reason, then Liens, Claims, Encumbrances and Interests shall continue against the Purchased Assets unaffected by this Victoria Sale Order.

      11.     The transfer of the Purchased Assets pursuant to this Victoria Sale Order shall not subject the Purchaser to any liability with respect to any obligations incurred in connection with,

or in any way related to the Purchased Assets, prior to the date of closing or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of equitable subordination or successor or transferee liability.

### Additional Provisions

12.  The transaction contemplated by the Victoria APA is undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the Purchaser is a purchaser in good faith of the Purchased Assets and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

13.  The consideration provided by the Purchaser for the assets purchased under the Victoria APA (i) shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and under the other laws of the United States, any state, territory, possession or the District of Columbia and (ii) is fair and reasonable and may not be avoided under section 363(n) or any other provision of the Bankruptcy Code, or otherwise.  All entities presently or on the closing date that may be in possession of some or all of the Purchased Assets are directed to surrender possession of the Purchased Assets to Purchaser on or before the closing date.

14.  Except as otherwise specifically provided for in this Victoria Sale Order and in the Victoria APA, the Purchaser and its employees, officers, directors, advisors, affiliates, owners, successors and assigns shall have no liability or responsibility for any liability or other obligation of the Debtor or the estate arising under or related to the Purchased Assets or other assets, operations, activities, or businesses of Debtor, including but not limited to under any

theory of successor or vicarious liability, antitrust, tax law, environmental or labor law, *de facto* merger or substantial continuity.

15. This Court retains exclusive jurisdiction to (i) interpret, enforce and implement the terms and provisions of the Victoria APA, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith, (ii) compel delivery of the Purchased Assets to the Purchaser, (iii) resolve any disputes arising under or related to the Victoria APA and related agreements, except as otherwise provided therein, (iv) enjoin and adjudicate the assertion of any Liens, Claims, Encumbrances and Interests against the Purchaser or in respect of the Purchased Assets, (v) interpret, implement and enforce the provisions of this Victoria Sale Order, and (vi) resolve any and all disputes relating to any permitted liens on the Purchased Assets that are transferred to the Purchaser in accordance with the Victoria APA.

16. As of the closing, all agreements entered prior to the date hereof shall be deemed amended or modified solely to the extent required to permit the consummation of the transactions contemplated by this Victoria Sale Order and the Victoria APA.

17. The Debtor is authorized to disburse some or all of the net sale proceeds to Wells Fargo Bank, National Association (the "Lender") for application against the Lender's secured claim against the Debtor.

18. The Victoria APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the court, provided that any such modification, amendment or supplement is not materially less favorable to the Debtor. In the event a modification is materially less favorable to the Debtor, the Debtor shall file and serve a notice of such modification. If no party-in-interest filed a written objection with the court within five (5)

business days, such modification shall be deemed approved without further order of the court, but the court may enter any such further order as may be necessary.

19. Notwithstanding Fed. R. Bankr. P. 6004(h), this Victoria Sale Order shall take effect immediately upon entry, and in the absence of any entity obtaining a stay pending appeal, Debtor and Purchaser are free to close under the Victoria APA at any time.

20. To the extent that this Victoria Sale Order is inconsistent with any prior order or pleading with respect to the Sale Motion in the Chapter 11 Case, the terms of this Victoria Sale Order shall govern.

21. In the event that the sale of the Purchased Assets to Purchaser fails to close, the Debtor may file an application seeking entry of a supplemental sale order approving the sale of the Purchased Assets to the Stalking Horse pursuant to the Back-Up Victoria Bid. Any such application shall be on notice to counsel for the Official Committee of Unsecured Creditors, the Lender, and the United States Trustee, and be accompanied by the proposed asset purchase agreement for the Back-Up Victoria Bid, and any proposed supplemental sale approval order. This court may then issue such a supplemental sale approval order if no objection is received within five business days.

Dated: February 6, 2015

/e/ Kathleen H. Sanberg
Kathleen H. Sanberg
United States Bankruptcy Judge

52486877